UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHAQUWEISE MILLS                                Case No.:

                            Plaintiff,            **COMPLAINT**

       -*against*-                                **PLAINTIFF DEMANDS
                                                TRIAL BY JURY**

THE CITY OF NEW YORK *and*
POLICE OFFICER "JOHN DOE" #1
POLICE OFFICER "JOHN DOE" #2
POLICE OFFICER "JOHN DOE" #3
POLICE OFFICER "JOHN DOE" #4
POLICE OFFICER "JOHN DOE" #5

                         Defendants.
-------------------------------------------------------------------X

Plaintiff, SHAQUWEISE MILLS, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, The CITY OF NEW YORK and Police Officers "JOHN DOE" #1-5, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, SHAQUWEISE MILLS, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is

conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is of full age and resides in Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officer.

7. Defendant POLICE OFFICER JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant POLICE OFFICER JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent,

servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8.  Defendant POLICE OFFICER JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant POLICE OFFICER JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9.  Defendant POLICE OFFICER JOHN DOE #3 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant POLICE OFFICER JOHN DOE #3 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the

power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

10. Defendant POLICE OFFICER JOHN DOE #4 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant POLICE OFFICER JOHN DOE #4 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

11. Defendant POLICE OFFICER JOHN DOE #5 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant POLICE OFFICER JOHN DOE #5 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police

Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

12. On or about May 7, 2016 at approximately 6:00 p.m., plaintiff Shaquweice Mills left the apartment where he lives at 788 Howard Avenue in Brooklyn, and headed two floors down to visit with friends in another apartment in the same building.

13. Plaintiff entered Apartment 2A moments later and encountered four other adults and a baby, all of whom were known to him and all of whom he expected to find there.

14. After making small talk and seeing that nothing much was going on, plaintiff decided to leave.

15. When he opened the front door plaintiff saw that there were at least five police officers standing in the hallway.

16. These officers were a mix of plain clothes and uniformed police, identified here as POLICE OFFICERS JOHN DOE #1-5.

17. Before plaintiff could say "excuse me" POLICE OFFICER JOHN DOE #1 kicked him with full force in the sternum.

18. Plaintiff fell backwards into the apartment and hit the floor with a thud.

19. The officers then rushed the apartment, stepping over plaintiff as they entered, guns drawn, shouting and cursing for everyone to get down.

20. As the other officers told everyone to get on the ground and demanded to know where they were hiding guns, POLICE OFFICER JOHN DOE #2 stood over plaintiff with his gun drawn and told him not to move.

21. Plaintiff insisted that he knew nothing of any guns and informed the officers that he was just a visitor to the apartment.

22. POLICE OFFICER JOHN DOE #3 instructed plaintiff to stand up, at which point he was handcuffed and removed from the apartment by POLICE OFFICER JOHN DOE #4 and POLICE OFFICER JOHN DOE #5 who escorted plaintiff to a police vehicle.

23. Plaintiff was taken to the 73rd precinct and put into a holding cell, first with other prisoners and then by himself.

24. Plaintiff remained in police custody for approximately four hours before a police officer opened the door to his cell and informed him that he was free to leave.

25. At no time during this sequence of events did plaintiff commit any act for which he could be lawfully arrested.

26. At no time during this sequence of events did plaintiff possess any form of criminal contraband, on his person or otherwise.

27. At no time during this sequence of events did plaintiff act disorderly or pose a threat to himself or anyone else.

28. At no time during this sequence of events did the defendants have any warrant to arrest plaintiff.

29. At no time during this sequence of events did plaintiff physically resist a police order.

30. Plaintiff was never charged with a crime or issued any kind of summons related to his arrest.

### AS FOR A FIRST CAUSE OF ACTION

*DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983*

31. Plaintiff repeats, reiterates and asserts each and every allegation contained in the

previous paragraphs with the same force and effect as if fully set forth herein.

32. At all times during the events described above defendants POLICE OFFICERS JOHN DOE #1-5 lacked probable cause to arrest plaintiff.

33. All of the aforementioned acts of the defendants were carried out under the color of state law.

34. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35. The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

36. The acts complained of deprived Plaintiff of his rights:

    A. To be free from excessive force;

    B. To be free from false arrest;

    C. To be free from deprivation of liberty without due process of law; and

    D. To receive equal protection under the law.

## AS FOR A SECOND CAUSE OF ACTION

*MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

37. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

38. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the

defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by Defendant CITY OF NEW YORK and its agent, the New York Police Department.

39. At all times relevant to this complaint Defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a group of police officers to make an arrest without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

40. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

41. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

42. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

**WHEREFORE,** Plaintiff demands relief jointly and severally against all of the Defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 1/03/2017
      Brooklyn, NY

                                    By:       /s/Alexis G. Padilla
                                            Alexis G. Padilla, Esq. [AP8285]
                                            *Attorney for Plaintiff*
                                            *Shaquweise Mills*
                                            575 Decatur Street #3
                                            Brooklyn, NY 11233
                                            917-238-2993